ment to be reduced to writing in accordance with this opinion directly to defense counsel if it is substantially verbatim. If, on the other hand, the State concludes that the memoranda is not substantially verbatim, then on written motion of defense counsel the statements shall be examined by the court *in camera* as provided in Supreme Court Rule 412 (a)(i).

Beyond this requirement, however, the provisions of paragraph 16 which grant defendant's motion for an *in camera* inspection by the court of the entire State file are invalid since no showing has been made that material evidence exists which the State has withheld. See *People v. Smith*, 5 Ill.App.3d 429, 431; *People v. Brown* (1971), 131 Ill.App.2d 669, 677; *People v. Frazier* (1971), 2 Ill.App.3d 639, 642.

The refusal of the State's Attorney to obey the trial court's discovery order, including that portion which we have held is properly within the court's discretion, appears to have been a good faith effort to determine the scope of permissible pre-trial discovery. Accordingly the order is affirmed in part and reversed in part and the cause remanded with directions to vacate the contempt judgment and the fine imposed upon compliance with the discovery herein ordered. See *People v. Endress* (1969), 106 Ill.App.2d 217, 224.

Judgment affirmed in part and reversed in part and cause remanded with directions.

T. MORAN, P. J., and GUILD, J., concur.

Louis J. LOMBARDI *et al.*, Plaintiffs-Appellants, *v.* BOARD OF EDUCATION OF SCHOOL DISTRICT 108 *et al.*, Defendants-Appellees.

(No. 73-75;

Second District—May 14, 1974.

Opinion by Mr. JUSTICE GUILD.

Louis J. Lombardi, *pro se.*

Frank & Miller, of Chicago, for appellees.