380 N.W.2d 646 (1986)
STATE of North Dakota, Plaintiff and Appellee,
v.
Charles A. NISKA, Defendant and Appellant.
Cr. No. 1123.
Supreme Court of North Dakota.
January 22, 1986.
*647 Wayne D. Goter, Asst. State's Atty., Mandan (argued), for plaintiff and appellee; appearance by Richard L. Schnell, State's Atty.
Charles A. Niska, Solen, pro se.
*648 LEVINE, Justice.
Charles A. Niska appeals from a judgment of conviction for practicing law without a license in violation of North Dakota Century Code § 27-11-01. We affirm.
The facts are not disputed. Niska drafted pleadings for Richard Schmidt and advised him in three civil cases and one criminal action in which Schmidt was involved. Upon these facts the jury found Niska guilty of four counts of violating § 27-11-01 by practicing law without a license.
Although what constitutes the practice of law does not lend itself to an inclusive definition, it clearly includes Niska's drafting of legal instruments and pleadings and providing legal advice. Cain v. Merchants Nat. Bank & Trust Co. of Fargo, 66 N.D. 746, 268 N.W. 719 (1936); see also Bluestein v. State Bar of California, 13 Cal.3d 162, 118 Cal.Rptr. 175, 529 P.2d 599 (1974); Washington State Bar Ass'n v. Great W. Union Fed. Sav. & Loan Ass'n, 91 Wash.2d 48, 586 P.2d 870 (1978).
Niska however asserts three grounds for overturning his conviction: first, the trial court had no jurisdiction; second, he was not informed of the charges against him in violation of the sixth amendment; and third, NDCC § 27-11-01[1] is unconstitutional as applied to him.

1.
Niska argues that the Morton County court did not have jurisdiction in this case. NDCC § 27-11-01 and Chapter 27-03 confer jurisdiction on the Morton County court over criminal misdemeanors occurring in that county. Practicing law without a license is a criminal misdemeanor. The conduct which led to Niska's conviction took place in Morton County. The Morton County court therefore had jurisdiction in this case.

2.
Niska next asserts that his sixth amendment rights were violated because he was not informed of the charges against him. A criminal complaint need only be specific enough to advise a defendant of the charge against him and to enable him to prepare for trial. Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); State v. Motsko, 261 N.W.2d 860 (N.D.1977). The complaint clearly set out the elements of the crime with which Niska was charged. In addition, at Niska's initial appearance the trial judge further explained the nature of the charges against him. If Niska did not understand the crime he was charged with he could have sought the advice of either retained or appointed counsel. We hold that Niska was adequately informed of the charges against him in accordance with the sixth amendment.

3.
Niska argues that in drafting legal documents for Schmidt and in giving him legal advice he was exercising his constitutionally protected rights of speech and assembly. Niska therefore claims that § 27-11-01, although facially valid, when applied to him violates the first amendment to the United States Constitution and Article I, §§ 4 and 5 of the North Dakota Constitution.

SPEECH
Apparently Niska asserts that in practicing law he was exercising his freedom of speech. Therefore the State, in enforcing the criminal sanction of § 27-11-01 to preclude *649 him from practicing law, unconstitutionally prohibited him from exercising his freedom of expression.
However, Niska does not claim that § 27-11-01 was enacted to suppress speech which the State finds distasteful; nor is there evidence that the statute was applied to him because of his expressed views. Thus it is evident that § 27-11-01 was not enforced against Niska in order to quash the political views he was expressing by means of his legal advice and pleadings. Instead, § 27-11-01 was enforced to prohibit Niska from the unauthorized practice of law. Any resulting limitation of his speech was merely indirect and incidental. Government regulation which only incidentally restricts speech, is valid if four criteria are met:
1. The regulation is within the constitutional power of the state;
2. It furthers an important or substantial governmental interest;
3. The governmental interest is unrelated to the suppression of free expression;
4. The incidental restriction on alleged first amendment freedoms is no greater than is essential to the furtherance of that interest.
United States v. Albertini,  U.S. , 105 S.Ct. 2897, 86 L.Ed.2d 536 (1985); Members of City Council v. Taxpayers for Vincent, 466 U.S. 789, 104 S.Ct. 2118, 80 L.Ed.2d 772 (1984); United States v. O'Brien, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968). We conclude that in this case § 27-11-01 satisfies all of these requirements.
The State's constitutional power to regulate the practice of law is well established. Brotherhood of Railroad Trainmen v. Virginia, 377 U.S. 1, 84 S.Ct. 1113, 12 L.Ed.2d 1289 (1964); Konigsberg v. State Bar, 366 U.S. 36, 81 S.Ct. 997, 6 L.Ed.2d 105 (1961). Section 27-11-01 is well within the constitutional power of the state.
North Dakota has not only an "important and substantial" interest, but a compelling one (see Goldfarb v. Virginia State Bar, infra,) in regulating the practice of law within its borders: protecting the public. State v. Cramer, 399 Mich. 116, 249 N.W.2d 1 (1976). The State has an interest in licensing attorneys and making them the exclusive practitioners in their field in order to protect the unwary and uninformed from injury at the hands of unqualified persons performing legal services. Gardner v. Conway, 234 Minn. 468, 48 N.W.2d 788 (1951); New Jersey State Bar Ass'n v. Northern N.J. Mortg. Assoc., 22 N.J. 184, 123 A.2d 498 (1956). This state interest is advanced by the licensing requirements and criminal sanctions in § 27-11-01.
The State's interest in regulating the practice of law is unrelated to the expression of ideas. Section 27-11-01 is not targeted at ideas which the state seeks to suppress. Compare, Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council, Inc., 425 U.S. 748, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976) (statute banning advertising price of prescription drugs); Police Dept. of City of Chicago v. Mosley, 408 U.S. 92, 92 S.Ct. 2286, 33 L.Ed.2d 212 (1972) (ordinance describing permissible picketing in terms of its subject matter). Instead, § 27-11-01 is aimed at preventing the harm caused by unqualified persons performing legal services for others. Because providing legal services requires communication, any regulation of that activity necessarily limits speech. However, any resulting limitation on speech is merely incidental and is not directed at suppressing the expression of ideas. See Clark v. Community for Creative Nonviolence, 468 U.S. 288, 104 S.Ct. 3065, 82 L.Ed.2d 221 (1984); Grayned v. City of Rockford, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972); Cox v. New Hampshire, 312 U.S. 569, 61 S.Ct. 762, 85 L.Ed. 1049 (1941) (reasonable time, place and manner restrictions valid even though they limit expression).
The statute's incidental restriction on Niska's freedom of speech is no greater than is essential to the furtherance of the state's interest in protecting the public from unlicensed practitioners of law. In *650 this instance Niska has not offered, nor are we aware of, any way to more narrowly enforce § 27-11-01 so as to lessen its limitation on speech without rendering the statute impotent. Section 27-11-01, as applied to Niska, curtails no more speech than is essential to accomplish its purpose. There are numerous modes of communication not encompassing the practice of law available for Niska to express his views. We therefore conclude that § 27-11-01 as applied to Niska does not violate his right of free speech guaranteed by the North Dakota Constitution and the First and Fourteenth Amendments to the United States Constitution.

ASSEMBLY
Niska also claims that he is exercising his right of assembly by associating with Schmidt to give him legal advice. Consequently, Niska asserts that his conviction for violating § 27-11-01 violates his constitutionally protected right of assembly.
The Supreme Court has long acknowledged as implicit in the right to engage in expressive activities protected by the first amendment a corresponding right to associate with others in pursuit of a wide variety of political, social, economic, educational, religious, and cultural ends. Roberts v. United States Jaycees,  U.S. , 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984). However, the right to associate for expressive purposes is not absolute. Infringements on that right may be justified by regulations adopted to serve compelling state interests, unrelated to the suppression of ideas, that cannot be achieved by means significantly less restrictive of associational freedoms. United States Jaycees, supra.
North Dakota has a compelling interest in regulating the practice of law within its boundaries. Goldfarb v. Virginia State Bar, 421 U.S. 773, 95 S.Ct. 2004, 44 L.Ed.2d 572 (1975); Salibra v. Supreme Court of Ohio, 730 F.2d 1059 (6 Cir.1984), cert. den.,  U.S. , 105 S.Ct. 295, 83 L.Ed.2d 230 (1984); cf., Matter of Adams, 102 N.M. 731, 700 P.2d 194 (1985). For the reasons discussed earlier, § 27-11-01 advances these state interests, in a manner unrelated to the suppression of ideas, which cannot be achieved by means significantly less restrictive of constitutional rights.
Niska cites a line of Supreme Court decisions which uphold under the first amendment the right of members of an organization to assist one another in asserting common legal rights. NAACP v. Button, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963) (NAACP advised individuals of civil rights claims and referred them to its affiliated attorneys); Brotherhood of Railroad Trainmen, supra (labor union advised injured members and their dependents to obtain legal assistance before settling claims and recommending specific lawyers to handle such claims); United Mine Workers v. Illinois St. Bar Assn., 389 U.S. 217, 88 S.Ct. 353, 19 L.Ed.2d 426 (1967) (labor union employed attorneys to represent members and their families in workmen's compensation claims); United Transp. Union v. State Bar of Michigan 401 U.S. 576, 91 S.Ct. 1076, 28 L.Ed. 339 (1971) (labor union assisted workers in filing damage suits under federal employers' liability act).
These cases provide neither aid nor comfort to Niska's cause. In stark contrast to the cases cited, Niska did not recommend or refer Schmidt to attorneys; instead he sought, if not to supplant, then to supplement attorneys' services. Niska was not engaged in the type of collective activity protected by Button and its progeny. We conclude that § 27-11-01 does not violate Niska's right of assembly protected under the North Dakota Constitution or the First and Fourteenth Amendments of the United States Constitution.
The sum of Niska's arguments appears to be that he claims a constitutional right to practice law. Niska clearly has no such right. Attwell v. Nichols, 608 F.2d 228 (5 Cir.1980), cert. den., 446 U.S. 955, 100 S.Ct. 2924, 64 L.Ed.2d 813 (1980); Bailey v. Board of Law Examiners of State of Texas, 508 F.Supp. 106 (D.C.Tex.1980). Section 27-11-01, as applied in this case, does *651 not violate either the Federal or State Constitution.
The judgment of conviction of the Morton County court is affirmed.
ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.
NOTES
[1] NDCC § 27-11-01:

Practicing law and serving on courts of record without certificate of admission and without payment of annual license fee prohibited.Penalty. Except as otherwise provided by state law or supreme court rule, a person may not practice law, act as an attorney or counselor at law in this state, or commence, conduct, or defend in any court of record of this state, any action or proceeding in which he is not a party concerned, nor may a person be qualified to serve on a court of record unless he has:
1. Secured from the supreme court a certificate of admission to the bar of this state; and
2. Secured an annual license therefor from the state bar board.
Any person who violates this section is guilty of a class A misdemeanor.