**In re CHAS. A. STEVENS &
CO., Debtor.**

**Bankruptcy No. 88 B 09575.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Dec. 14, 1989.

See also, Bkrtcy., 105 B.R. 866.

Salvatore A. Barbatano, Rudnick &
Wolfe, Chicago, Ill., for debtor, Chas. A.
Stevens & Co.

Richard Friedman, Office of the U.S.
Trustee, Chicago, Ill., for U.S. Trustee.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes to be heard on the motion of M. Scott Michel, the U.S. Trustee for the United States Bankruptcy Court for the Northern District of Illinois ("the Trustee") to strike a response filed by Peter A. Chapman d/b/a Bankruptcy Creditors' Service ("Chapman"), as agent for J.G.H. Enterprises, Inc. ("J.G.H."). The motion also seeks sanctions against Chapman to deter his unauthorized practice of law.

For the reasons set forth herein, the Court having considered all the pleadings, does hereby make additional findings and conclusions to supplement those made in court on November 17, 1989, when the motion to strike the response was granted. In addition, the Court hereby sanctions Chapman the sum of $300.00 pursuant to Federal Rule of Bankruptcy Procedure 9011.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this motion pursuant to 28 U.S.C. § 1334 and General Orders of the United States District Court for the Northern District of Illinois and its General Rule 2.33. The motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B).

## II. FACTS AND BACKGROUND

The Debtor, Chas. A. Stevens & Co. ("the Debtor") filed a voluntary Chapter 11 petition on June 21, 1988. One of the creditors, J.G.H. filed a proof of claim on August 11, 1988. Thereafter, on September 27, 1989, the Debtor filed an objection to the claim. On November 2, 1989, Chapman prepared, served and filed on behalf of J.G.H. a "Response to Debtor's Objection to Claim Number 1943." The response contained seven (7) separately enumerated paragraphs containing factual allegations. It concluded with a prayer for relief, seeking allowance of the claim in a corrected amount. Chapman certified that he served the response on the Debtor's attorney and the Trustee. The response was executed by Chapman acting as agent for J.G.H.

Objections to claims, including the Debtor's objection to the instant claim, were set and duly noticed for hearing on November 17, 1989, On November 8, 1989, the Trustee served the motion to strike the response and for sanctions. The Trustee cited his statutory duty of monitoring Title 11 cases under 28 U.S.C. § 586(a)(3)(G). He asserted that Chapman's response was not signed by J.G.H. nor an attorney on its behalf. Furthermore, the Trustee contended that Chapman is not an attorney admitted to practice before the Court as required by General Rule 3.10(a) of the United States District Court for the Northern District of Illinois, and Federal Rule of Bankruptcy Procedure 9011. Thus, the Trustee concluded that the response should be stricken and Chapman sanctioned in order to deter the unauthorized practice of law. The motion suggested that $10,000.00 would be an appropriate sanction.

Chapman appeared at the hearing on November 17, 1989, and admitted that he was not an attorney and not licensed to practice law. He argued that the response he admittedly prepared, signed and filed, was his work product and contained matters of an informational nature concerning the claim for which preparation by a licensed attorney was not necessary. After review of the response, the Court found that it was in the form and substance of a pleading responsive to the Debtor's objection to the claim. As such, the Court found that the response constituted a pleading by a non-lawyer who was not a party appearing *pro se*, violative of General Rule 3.10(a). Accordingly, the response was stricken. The Court declined to impose the $10,000.00 sanction suggested by the Trustee because it was patently excessive. However, the Court granted the Trustee leave to file an affidavit as to fees and expenses incurred in connection with work performed regarding the response.

On November 27, 1989, Richard C. Friedman, one of the staff attorneys representing the Trustee, filed an affidavit. Friedman estimated that he had expended 4.5

hours of time during the period November 2, 1989 through November 21, 1989. He suggested that in light of his professional experience, background and involvement in the matter, reasonable sanctions should be in the sum of $787.50. Friedman based this figure on an hourly rate for his services of $175.00 per hour. Chapman was given leave to file a response to the affidavit on or before December 7, 1989. To date, same has not been filed.

## III.  DISCUSSION

### A.  CHAPMAN'S UNAUTHORIZED PRACTICE OF LAW

General Rule 3.10(a) of the United States District Court for the Northern District of Illinois provides in relevant part that "only members in good standing of the bar of this Court may enter appearance of parties, file pleadings, motions or other documents...." General Rule 3.10(a) was adopted by the United States Bankruptcy Court for the Northern District of Illinois by General Order, effective May 6, 1986.

Federal Rule of Bankruptcy Procedure 3001(b) specifically allows a proof of claim to be executed by a creditor's authorized agent. Furthermore, Bankruptcy Rule 9010(a)(1) authorizes a creditor to appear *pro se* in a case and act in its own behalf, or by an attorney authorized to practice in the court. Subsection (a)(2) of Bankruptcy Rule 9010 provides that an authorized agent may perform an act not constituting the practice of law. Thus, collectively the Rules afford creditors limited instances in which to appear and act *pro se.*

The Court finds that Chapman's response falls within the express prohibition of General Rule 3.10(a). His actions in preparing, signing, and filing the response constitute the unauthorized practice of law by an individual who is not a member of the bar. Preparation and advocacy of pleadings filed on behalf of parties is an essential and fundamental part of the legal profession. The response was designated and styled as a responsive pleading to the Debtor's objection to the claim of J.G.H. The objection, filed under Bankruptcy Rule 3007, initiated a contested matter under Bankruptcy Rule 9014. Chapman filed the response by which he asserted that J.G.H.'s claim should be allowed in a corrected amount of $14,784.00. The response pleaded that the amount originally sought on the proof of claim contained an erroneous tabulation producing a slight overstatement. As found by the Court at the November 17, 1989 hearing, the response is a separate pleading, not merely a proof of claim which he could properly file under Bankruptcy Rule 3001(b). The response contains requisite factual allegations contained within pleadings. As such, Chapman's actions clearly fit within the prohibitions of General Rule 3.10(a).

Chapman's actions may also be violative of Illinois Revised Statutes, ch. 13, para. 1 (1987). The statute provides that "[n]o person shall be permitted to practice as an attorney or counselor at law within this State without having previously obtained a license for that purpose from the Supreme Court of this State." The exception for corporations to act through their officers, directors, managers, department managers, or supervisors, in prosecuting or defending small claims proceedings in Illinois state courts has no analogous provision in bankruptcy. *See* Ill.Rev.Stat. ch. 13, para. 11 (1987). The practice of law, both in courts and out of courts, by one not licensed as an attorney is an illegal usurpation of the privilege of attorneys. *See generally* 4 Illinois Law and Practice *Attorneys and Counselors,* § 15 (1983 and Supp.1989) and cases cited therein. No person can litigate an action in a court as an agent for another unless previously admitted to the bar as a licensed attorney. *Id.* A layman cannot represent another in a court of record. *Lombardi v. Board of Education,* 19 Ill.App.3d 372, 311 N.E.2d 603 (1974).

Nonlawyers, as agents of creditor-claimants, can prepare and file a proof of claim pursuant to Bankruptcy Rule 3001(b). Such exception for bankruptcy practice is not unique. In the nonbankruptcy context, the filing of a probate claim against a decedent's estate has been held not to re-

quire such a degree of legal knowledge and skill as to constitute the practice of law. *See Estate of Piper v. Harris Trust & Sav. Bank*, 59 Ill.App.3d 325, 16 Ill.Dec. 604, 375 N.E.2d 477 (1978). Such limited exception for a proof of claim, however, does not extend to the preparation, execution and filing of additional pleadings once the claim becomes contested as in the instant case.

■ In extreme cases, the unauthorized practice of law may be enjoined where it appears that an injunction is the only remedy to put a stop to such practice. Moreover, the practice of law by a person not licensed is potentially punishable as a contempt of court. *See generally* 4 Illinois Law and Practice, *Attorneys and Counselors*, §§ 18 and 19. Notwithstanding such available remedies, the Court finds that striking the response is an appropriate remedy inasmuch as Chapman has not previously filed pleadings before this Court in contravention of the referenced Rules.

## B. SANCTIONS PURSUANT TO BANKRUPTCY RULE 9011

■ Federal Rule of Bankruptcy Procedure 9011 is analogous to Federal Rule of Civil Procedure 11 and imposes sanctions under similar circumstances as Rule 11. Bankruptcy Rule 9011(a) provides in relevant part:

> Every ... pleading ... shall be signed by at least one attorney of record in the attorney's individual name, whose office address and telephone number shall be stated. A party who is not represented by an attorney shall sign all papers and state the party's address and telephone number.... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose *on the person who signed it*, the represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee. (emphasis added)

Fed.R.Bankr.P. 9011(a).

The potential for sanctions under Rule 9011 was triggered by Chapman signing the response.

Because Bankruptcy Rule 9011 and Federal Rule 11 are analogous, the authorities construing Rule 11 are applicable to the instant case. The Court has jurisdiction to impose sanctions under these Rules. *In re TCI, Ltd.*, 769 F.2d 441, 448 (7th Cir.1985); *In re Chicago Midwest Donut, Inc.*, 82 B.R. 943 (Bankr.N.D.Ill.1988). The primary purpose of both Rules is to deter unnecessary filings for the benefit of the judicial system. *Szabo Food Service, Inc. v. Canteen Corp.* 823 F.2d 1073, 1077–1080 (7th Cir.1987). It is well established that "[t]he standard for imposing sanctions under Rule 11 is an objective determination as to whether the sanctioned party's conduct was reasonable under the circumstances." *Brown v. Federation of State Medical Boards*, 830 F.2d 1429, 1435 (7th Cir.1987). Subjective bad faith is no longer the inquiry.

In a recent opinion, the United States Supreme Court in *Pavelic & LeFlore v. Marvel Entertainment Group*, —— U.S. ——, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989) stated in regard to the phrase "person who signed":

> In other contexts the phrase "the person who signed it" might bear the somewhat technical legal meaning of the natural or juridical person in whose name or on whose behalf the paper was signed; but in a paragraph beginning with a requirement of individual signature, and then proceeding to discuss the import and consequences of signature, we think references to the signer in the later portions must reasonably be thought to connote the individual signer mentioned at the outset.

*Id.* 110 S.Ct. at 458.

Moreover, the Court went on to opine that "as the requirement of signature is imposed upon the individual, we think the recited import and consequences of signature run as to him." *Id.* 110 S.Ct. at 459. Hence, the Supreme Court held that Rule 11 authorizes the imposition of a sanction only against the signatory, even when the individual signing does so explicitly on behalf of another.

Rule 9011 requires the response to be signed by J.G.H. as it was not represented by an attorney of record. The document was signed by Chapman in violation of Rule 9011. Consequently, the Court must determine an appropriate sanction to impose on Chapman, the person who signed the response or J.G.H., or both. Because there is no showing that J.G.H. directed the preparation and filing of the response, the Court can find no objective basis for imposing a sanction on that party. The striking of the response should be a sufficient deterrent to J.G.H. in the future to its use of agents who are not attorneys. Hence, the sanction will be imposed against Chapman.

This is the first and hopefully the only instance wherein Chapman has violated Rule 9011. Imposition of a reasonable sanction will likely deter Chapman from any future, similar course of conduct. The Court does hereby impose sanctions pursuant to Rule 9011 against Chapman in the amount of $300.00. The initial $10,000.00 sanction suggested by the Trustee, is patently excessive for a first violation. The lesser sum of $787.50 is more reasonable based on the estimated time expended by Friedman. Nevertheless, the affidavit included several hours of time for interoffice conferencing with other staff attorneys and the Debtor's attorney. Same is not normally compensable under the standards followed by the Court in awarding attorney's fees.

Accordingly, the Court concludes that a $300.00 sanction is reasonable and not unduly harsh. Chapman should never engage in the unauthorized practice of law. Otherwise, much more severe sanctions will result. This sanction shall be payable to the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division within ten (10) days from the date hereof.

## IV. CONCLUSION

For the foregoing reasons, the Court does hereby confirm its prior Order allowing the motion of the United States Trustee to strike the response. The Court does hereby impose sanctions on Peter A. Chapman in the amount of $300.00 pursuant to Rule 9011. Said sum shall be paid to the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, within ten (10) days hereof.

This Opinion is to serve as findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

See written Order.