Weaver, J.
I concur with the majority that the filling out of standardized mortgage documents does not constitute the practice of law.
I disagree, however, with the reasoning employed by the majority in reaching this conclusion. Specifically, I seriously question the majority’s attempt to formulate a comprehensive definition of the “practice of law.” Such a definition runs contrary to prior precedent and appears to contribute little clarity or guidance to the unauthorized-practice-of-law analysis.
This Court has long held that the “practice of law” defies precise definition. “ ‘Even if possible, it is not practical or advisable to attempt specific definition of “practice of law.” ’ ” Detroit Bar Ass’n v Union Guardian Trust Co, 282 Mich 216, 220; 276 NW 365 (1937) (citation omitted). This reluctance to adopt an inclusive definition of the “practice of law” derives *570 from the fact that “under our system of jurisprudence such practice must necessarily change with the ever-changing business and social order.” Grand Rapids Bar Ass’n v Denkema, 290 Mich 56, 64; 287 NW 377 (1939); see also Ingham Co Bar Ass’n v Walter Neller Co, 342 Mich 214; 69 NW2d 713 (1955); State Bar of Michigan v Kupris, 366 Mich 688; 116 NW2d 341 (1962); State Bar of Michigan v Cramer, 399 Mich 116; 249 NW2d 1 (1976). Constant new developments in society, technology, business, and the law preclude any chance of arriving at a lasting definition.[1]
Today, the majority deviates from this longstanding restraint and defines the “practice of law” as “counselling] or assisting] another in matters that require the use of legal discretion and profound legal knowledge.” Ante at 569. To reach this new standard, the majority analyzes the purpose of the statute — the protection of the public from untrained legal practitioners — and extrapolates a definition meant to effectuate that purpose. Ante at 564.[2]
However, I do not believe that the majority’s definition (or, for that matter, any definition) will better protect the public than the statute currently does. Whether certain conduct requires the use of “legal *571 discretion or profound legal knowledge” is as open-ended an inquiry as whether that same conduct constitutes the “practice of law.” “Legal discretion” and “profound legal knowledge” axe amoiphous concepts that, like the “practice of law,” do not lend themselves to a single interpretation. Thus, even with the majority’s definition, a lack of consensus will persist among the courts. Moreover, any attempt to conclusively define the term necessarily runs the risk of sweeping too broadly — thereby impeding public access to certain quasi-legal services at more competitive prices — or cutting too narrowly — thereby permitting nonlawyers to engage in legal activities to the detriment of the public. See United States Department of Justice and Federal Trade Commission December 20, 2002, joint letter recommending that the “practice of law” not be defined. http://www. ftc.gov/opa/2002/12/lettertoaba.htm.
The prudent and restrained course therefore seems to be to remain committed to our prior holdings and continue deciding these issues on a case-by-case basis. Since no definition of the “practice of law” can fully account for the infinite variety of fact situations that will inevitably arise, it is best to decide these cases in light of their specific circumstances. This approach allows the lower courts to explore the concept’s dimensions without confining their analyses to the parameters of an artificial formula.
Judge Kolenda’s exemplary opinion demonstrates the wisdom of this approach. In his opinion, Judge Kolenda traced the relevant case law, examined it in light of the facts of the case, and properly concluded that filling out standardized mortgage documents does not constitute the practice of law. I support and *572 adopt both his case-specific method of analysis and his conclusion.

 The view that the “practice of law” does not admit of exact definition is shared by many other jurisdictions. Arkansas Bar Ass’n v Block, 230 Ark 430; 323 SW2d 912 (1959); State of Florida v Sperry, 140 So 2d 587 (Fla, 1962); Fought & Co, Inc v Steel Engineering and Erection, Inc, 87 Hawaii 37; 951 P2d 487 (1998); Iowa Supreme Court Comm on Unauthorized Practice of Law v Sturgeon, 635 NW2d 679 (Iowa, 2001); Bd of Overseer's of the Bar v Mangan, 2001 ME 7; 763 A2d 1189 (2001); Cardinal v Merrill Lynch Really/Burnet, Inc, 433 NW2d 864 (Minn, 1988); Slate of Nebraska v Childe, 147 Neb 527; 23 NW2d 720 (1946); Appeal of Campaign for Ratepayer’s Rights, 137 NH 720; 634 A2d 1345 (1993); State of North Dakota v Niska, 380 NW2d 646 (ND, 1986).

 The majority does not explain what has changed that allows it to define today what it was incapable of defining in the past.