2017 ND 261

**AMERICAN EXPRESS CENTURION BANK, Plaintiff and Appellee**

v.

**Karen CORUM, Defendant and Appellant**

Nos. 20170133 & 20170134

Supreme Court of North Dakota.

Filed 11/16/2017

Eeva M. Wendorf, Fargo, N.D., for plaintiff and appellee; submitted on brief.

Karen Corum, Willow City, N.D., defendant and appellant; submitted on brief.

McEvers, Justice.

[¶ 1] Karen Corum appeals from summary judgments entered in two collection actions commenced by American Express Centurion Bank. We conclude the district court's summary judgments were proper as a matter of law and the district court did not err by denying Corum's request to allow her husband to be her spokesperson in court. We affirm.

I

[¶ 2] American Express Centurion Bank commenced two collection actions against Karen Corum for two unpaid credit card accounts. In both cases, American Express moved for summary judgment. Corum contested the motions and filed a motion to dismiss in both cases. A hearing was held on January 6, 2017. The district court indicated in its order that Corum requested

her husband be allowed to speak on her behalf, and that request was denied. The court granted summary judgment in favor of American Express in both matters in March 2017.

[¶ 3] Corum appealed from the district court's summary judgment in both matters. Corum argues the court denied her right to counsel by not allowing her husband, a non-party, non-lawyer, to be her "spokesman" at the hearing. Corum indicated she is dependent on her husband because she is not a public speaker and her husband is more knowledgeable because he controls the family's finances. Corum argues because she was denied her request to have her husband serve as her counsel, the inconsistencies in the plaintiff's affidavit were not pointed out to the court. Corum also argues the court deprived her husband of his right to free speech. American Express argues the district court did not abuse its discretion in conducting the proceedings, and summary judgments were properly granted as a matter of law.

[¶ 4] On appeal, Corum again requested her husband be able to speak on her behalf at oral argument. Upon the denial of that request, Corum requested her oral argument be waived.

## II

[¶ 5] Corum appeals the summary judgments entered in two collection actions commenced by American Express. We conclude both summary judgments are supported by the record and summarily affirm under N.D.R.App.P. 35.1(a)(6).

## III

[¶ 6] Corum also argues that her husband should have been allowed to speak for her during court proceedings. The district court denied the request for Corum's husband to speak on her behalf. Corum

argues: the district court violated her right to counsel; she was unable to point out inconsistencies in American Express' affidavit; and the district court violated her husband's right to free speech.

[¶ 7] "Except as otherwise provided by state law or supreme court rule, a person may not practice law, act as an attorney or counselor at law in this state, or commence, conduct, or defend in any court of record of this state, any action or proceeding in which the person is not a party concerned." N.D.C.C. § 27–11–01. An unlicensed person may not act as an attorney for another person in his or her case, and conducting oneself in court on behalf of another qualifies as the practice of law. *Wetzel v. Schlenvogt*, 2005 ND 190, ¶¶ 10–11, 705 N.W.2d 836.

[¶ 8] This Court has recognized that under certain circumstances a party may acquire third party standing to challenge the constitutionality of a statute. *Cf. City of Fargo v. Stensland*, 492 N.W.2d 591, 594 (N.D. 1992) (recognizing third party standing may be justified where speech protected by the First Amendment is infringed upon by the challenged statute). Corum does not challenge the constitutionality of a statute here, but rather its application to her and her husband. If she were challenging § 27–11–01 on its face, she has not complied with N.D.R.App.P. 44. Assuming, without deciding Corum has properly asserted her husband's rights, the district court's application of the statute at issue did not infringe on her husband's right to free speech.

[¶ 9] We have stated, the state's power to regulate the practice of law is well established and N.D.C.C. § 27–11–01 is well within the constitutional power of the state. *State v. Niska*, 380 N.W.2d 646, 649 (N.D. 1986). In *Niska*, this Court analyzed a claim that N.D.C.C. § 27–11–01 uncon-

stitutionally prohibited Niska from exercising his freedom of expression when he was prosecuted criminally for practicing law without a license. *Id.* at 648. We stated, the state's interest in regulating the practice of law is not related to the expression of ideas, rather N.D.C.C. § 27–11–01 is aimed at preventing harm caused by unqualified persons performing legal services for others. *Id.* at 649. While acknowledging that such regulation limits speech, the limitation is incidental and not directed at suppressing the expression of ideas. *Id.* Under the facts of *Niska*, this Court held N.D.C.C. § 27–11–01 does not violate free speech guaranteed by the North Dakota Constitution and the First and Fourteenth Amendments of the United States Constitution. *Id.* at 650.

[¶ 10] Here, Corum's husband is not a party to the action and he is not a licensed attorney. Corum has not filed a transcript of the proceeding below. Rule 10(b), N.D.R.App.P., requires the appellant to furnish a transcript of the proceedings. An appellant assumes the consequences of failing to file a complete transcript. *Lithun v. DuPaul*, 447 N.W.2d 297, 300 (N.D. 1989). Based on the record on appeal, we conclude the district court afforded Corum a reasonable opportunity to present evidence on the relevant issues. The court indicated that after it denied the request for her husband to speak, Corum declined to offer any argument. We further conclude a party who is not represented by a licensed attorney cannot be represented by another person, including their spouse, in any court of record in this state, absent authorization provided by state law or supreme court rule. The right of free speech does not encompass in-court advocacy by a non-lawyer on behalf of another person, including a spouse. *See* N.D.C.C. § 27–11–01. *See also* 28 U.S.C. § 1654 (1948) ("In

all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). Therefore, the district court properly denied Corum's request for her husband to speak on her behalf.

IV

[¶ 11] We affirm the summary judgments in both cases.

[¶ 12] Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte

Jon J. Jensen

Gerald W. VandeWalle, C.J.