# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 25-6011

_____

In re: James C. Young; Tahnee R. Young

Debtors

------------------------------

James C. Young; Tahnee R. Young, also known as Tahnee Rhea Higgins

Debtors - *Appellants*

v.

Happy Money, Inc.

Creditor - *Appellee*

_____

Appeal from United States Bankruptcy Court
for the District of North Dakota - Fargo

_____

Submitted: February 17, 2026
Filed: April 8, 2026

_____

Before NORTON, JONES, AND KULM ASK, Bankruptcy Judges.

_____

JONES, Bankruptcy Judge.

Appellants James C. Young and Tahnee R. Young (the "Debtors") appeal the order of the bankruptcy court[1] denying their request to allow James Young, who is not an attorney, to represent or advocate on behalf of Tahnee Young in a bankruptcy matter involving a debt held solely in the name of Tahnee Young and prohibiting Mr. Young from providing legal counsel to Tahnee Young during the hearing. For the reasons stated below, we affirm.

## FACTUAL BACKGROUND

On January 27, 2025, the Debtors, husband and wife, filed a joint voluntary petition for bankruptcy relief under the provisions of Chapter 13 of the United States Bankruptcy Code. The Debtors filed the joint bankruptcy petition pro se. As of the petition date, Tahnee Young, alone, owed a debt to Happy Money, Inc. ("Happy Money"). The bankruptcy court entered an order converting the case to Chapter 7 on February 14, 2025, and five days later the Debtors, pro se, filed a joint motion seeking sanctions and punitive damages against Happy Money alleging Happy Money violated the automatic stay by contacting Tahnee Young to collect a debt she owed to Happy Money ("Motion for Sanctions").[2] The Motion for Sanctions requests the Court to, *inter alia*, "[a]ward actual damages to the Debtors for the distress and harassment caused by Happy Money's repeated collection attempts."

The bankruptcy court held a scheduling conference on the Motion for Sanctions on May 29, 2025. During the scheduling conference Happy Money questioned whether James Young intended to represent Tahnee Young at the hearing

---

[1]The Honorable Shon Hastings, Chief Judge, United States Bankruptcy Court for the District of North Dakota.

[2]The Motion for Sanctions was not designated as part of the record but was the matter involved in the informal discovery conference before the bankruptcy court on June 5, 2025. A transcript of this hearing was included in the record.

on the Motion for Sanctions. The bankruptcy court informed the Debtors that James Young would not be able to represent Tahnee Young at the hearing. Shortly thereafter, the Debtors filed their joint "Motion to Confirm Joint Debtor James Young's Right to Participate Pro Se and Opposition to Improper Attempt to Silence" ("Motion").[3] At an informal discovery conference, the bankruptcy court addressed this Motion. The Court found that James Young, who is not an attorney, could not represent Tahnee Young on the issues related to Happy Money because she is the only person liable on the Happy Money debt and the only debtor Happy Money is claimed to have sought collection from in violation of the automatic stay.

On June 5, 2025, the same date as the informal discovery conference, the bankruptcy court entered an Order Denying Debtor James Young's Request to Appear on Behalf or Represent Tahnee Young at Hearing (the "Order"). The bankruptcy court held it would constitute the unauthorized practice of law under applicable North Dakota law for James Young to compose documents, give legal advice, or act as Tahnee Young's legal representative in the Happy Money dispute involving solely Tahnee Young and Happy Money, and denied the Debtors' Motion "[t]o the extent James Young seeks to represent Tahnee Young or advocate on her behalf in a bankruptcy proceeding that relates solely to her debt and alleged violations of the automatic stay that relate solely to efforts to collect a debt from Tahnee Young." The Debtors appeal the portion of the Order restricting James Young's pro se participation in denying his request to represent and advocate on behalf of Tahnee Young and provide legal counsel to Tahnee Young during the hearing.

## STANDARD OF REVIEW

This court has jurisdiction to hear appeals "from final judgments, orders, and decrees[.]" 28 U.S.C. § 158(a), (b)(1). The order before the Court is a final order. *See, e.g., Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 37 (2020); *Bullard*

---

[3]The Motion was not designated as part of the appellate record.

*v. Blue Hills Bank*, 575 U.S. 496, 501 (2015). *Cf., In re Multi-Piece Rim Prods. Liab. Litig.*, 612 F.2d 377, 378 (8th Cir. 1980) (recognizing in dicta an order granting a motion to disqualify counsel is appealable), *vacated on other grounds*, *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368 (1981). We review the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. *Ridings v. Casamatta (In re Allen)*, 628 B.R. 641, 642 (B.A.P. 8th Cir. 2021) (citing *Brown v. Luker (In re Zepecki)*, 277 F.3d 1041, 1045 (8th Cir. 2002)). A decision granting a motion to disqualify counsel is reviewed for an abuse of discretion. *Midwest Motor Sports v. Arctic Cat Sales, Inc.*, 347 F.3d 693, 700 (8th Cir. 2003) (citing *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1154 (8th Cir. 1999)).

## DISCUSSION

Although Tahnee Young and James Young are joint debtors, the Motion for Sanctions is a discrete matter that provides context for analyzing the requests made in the Debtors' Motion. This discrete matter involves a debt owed to Happy Money that only Tahnee Young was obligated to pay, who was the only person alleged to have been contacted by Happy Money, and who was the only person alleged to have received collection notices from Happy Money. To be clear, James Young is not liable on the debt owed to Happy Money and is not alleged to have received any of the communications from Happy Money in violation of the automatic stay. Even so, the Debtors do appear to be jointly seeking damages for the alleged distress and harassment.

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. Rule 9010(a) of the Federal Rules of Bankruptcy Procedure provides:

> (a) In General. A debtor, creditor, equity security holder, indenture trustee, committee, or other party may:

-4-

> (1) appear in a case and act either on the entity's own behalf or through an attorney authorized to practice in the court; and
>
> (2) perform any act not constituting the practice of law, by an authorized agent, attorney-in-fact, or proxy.

FED. R. BANKR. P. 9010(a). Both 28 U.S.C. § 1654 and Rule 9010(a) cited above allow a party to appear and act on his or her own behalf, but nothing in the language suggests a joint debtor, who is not an attorney, may appear and act as an attorney representative on behalf of the other joint debtor.

The Debtors advanced five arguments on appeal as to why the bankruptcy court erred in denying their Motion.

First, the Debtors argue the bankruptcy court's reliance on state law rules governing the unauthorized practice of law was inappropriate. Despite the Debtors' argument to the contrary, "[i]n determining whether one has engaged in the unauthorized practice of law, bankruptcy courts look to state law." *In re Herrera*, 194 B.R. 178, 191 (Bankr. N.D. Ill. 1996) (first citing *In re Skobinsky*, 167 B.R. 45, 49 (E.D. Pa. 1994); then citing *Foulston v. Jones (In re Robinson)*, 162 B.R. 319, 325 (Bankr. D. Kan. 1993); then citing *In re Bachmann*, 113 B.R. 769, 772 (Bankr. S.D. Fla. 1990); and then citing *In re Chas. A. Stevens & Co.*, 108 B.R. 191, 193 (Bankr. N.D. Ill. 1989)). *See also In re Simons*, No. 09-01428, 2009 WL 3055280 at *3 (Bankr. N.D. Iowa Sep. 21, 2009) (looking to state law to determine when the actions of a party constitute the unauthorized practice of law). Here, the bankruptcy court correctly relied on the law of North Dakota to conclude James Young could not represent Tahnee Young or advocate on her behalf on matters solely involving Tahnee Young's debt and her allegations of stay violations in matters not concerning James Young.

In addition, the Supreme Court of North Dakota has clearly stated the rule that "a party who is not represented by a licensed attorney cannot be represented by

another person, including their spouse, in any court of record in this state, absent authorization provided by state law or supreme court rule." *Am. Express Centurion Bank v. Corum*, 2017 ND 261, ¶ 10, 903 N.W.2d 710, 712. *See also Jones ex rel. Jones v. Corr. Med. Servs., Inc., et al.*, 401 F.3d 950, 952 (8th Cir. 2005) (stating an individual who is not an attorney "may not engage in the practice of law on behalf of others"); *Knoefler v. United Bank of Bismark*, 20 F.3d 347, 348 (8th Cir. 1994) (finding a pro se individual who is not a lawyer does not have a right to represent an entity in a court of the United States). "[A] person may not practice law, act as an attorney or counselor at law in this state, or commence, conduct, or defend in any court of record of this state, any action or proceeding in which the person is not a party concerned[.]" N.D. CENT. CODE § 27-11-01 (2001). The bankruptcy court correctly applied this rule in analyzing the Debtors' Motion.

Second, the Debtors argue the bankruptcy court's reliance on North Dakota's rules governing the practice of law violated the "supremacy of federal bankruptcy law." This argument is misplaced. The federal bankruptcy rules, themselves, reference state court laws and rules governing the practice of law. The local rules of the bankruptcy court for the District of North Dakota provide that "the bar of this court consists of those attorneys who are admitted to practice and who remain in good standing before the United States District Court for the District of North Dakota." *D.N.D. Bankr. L.R. 9010-2(A)*. The general local rules of the United States District Court for the District of North Dakota provide "[t]he bar of this court consists of those attorneys admitted to practice in this district." *D.N.D. Gen. L.R. 1.3(A)*. Therefore, the bankruptcy court's reliance on state law does not offend federal bankruptcy law.

Third, the Debtors argue the bankruptcy court's decision infringes upon their constitutional rights of free speech and due process and their statutory right to self-representation. These arguments are also unpersuasive. The regulation of "the practice of law is not related to the expression of ideas, rather N.D. CENT. CODE § 27-11-01 is aimed at preventing harm caused by unqualified persons performing legal services for others." *Am. Express Centurion Bank*, 2017 ND 261, ¶ 9,

-6-

903 N.W.2d 710, 712 (citing *State v. Niska*, 380 N.W.2d 646, 649 (N.D. 1986)). "The right of free speech does not encompass in-court advocacy by a non-lawyer on behalf of another person, including a spouse." *Id.* at ¶ 10 (citing N.D. CENT. CODE § 27-11-01). *See also* 28 U.S.C. § 1654 (1948) (citation omitted). The Supreme Court of North Dakota has acknowledged that while the regulation of the practice of law "limits speech, the limitation is incidental and not directed at suppressing the expression of ideas." *Id.* at ¶ 9. The Supreme Court of North Dakota has also held the regulation of the practice of law "does not violate free speech guaranteed by the North Dakota Constitution and the First and Fourteenth Amendments of the United States Constitution." *Id.* (citing *Niska*, 380 N.W.2d at 650). We agree.

Next, the Debtors advanced two related arguments based on their joint bankruptcy filing. First, the Debtors argue the joint filing created what they refer to as a "unified joint estate" and pursuing the matters related to Happy Money affects the unified joint estate. Debtors' App. Br. at 2. They contend that because the unified joint estate is affected, the bankruptcy court erred in not allowing James Young to participate to protect "his direct interest as a principal party to the estate." Debtors' App. Br. at 2. They also argue that not allowing James Young to participate hinders the Debtors' ability to protect the joint estate from alleged creditor and attorney misconduct. Both arguments are premised on a misunderstanding of a jointly administered bankruptcy case.

Section 302 of the bankruptcy code provides a "joint case . . . is commenced by the filing with the bankruptcy court of a single petition . . . by an individual that may be a debtor under such chapter and such individual's spouse." 11 U.S.C. § 302(a). The local rules of the bankruptcy court for the District of North Dakota provide "[w]hen a debtor and his/her spouse file a single petition in a joint case, the bankruptcy estates will be jointly administered without further court order" unless an objection is filed. *D.N.D. Bankr. L.R. 1015-1*.

Indeed, "[a]lthough § 302(a) allows a husband and wife to file a petition together which is given only one case number, their two estates remain separate." *In*

*re Portell*, 557 B.R. 161, 165 (Bankr. W.D. Mo. 2016) (quoting *In re Pruitt*, No. 09-65328, 2011 WL 2292205, at \*6 (Bankr. D. Or. June 8, 2011)). A jointly administered case does not "create a single pool of assets out of which all creditors of the two individual debtors will be paid, but merely allows the two estates to be jointly administered." *Id.* (citing 2 COLLIER ON BANKRUPTCY ¶ 302.01 (Alan N. Resnick and Henry J. Sommer eds., 16th ed.)). Due to their two estates remaining separate, the Debtors' arguments are without merit.

Finally, the Debtors argue the bankruptcy court "erroneously mischaracterized and dismissed relevant federal authority" cited by the Debtors in support of their Motion. The Debtors are incorrect. The two cases cited by the Debtors were "In re Pringle, 377 B.R. 308 (Bankr. D. Colo. 2007)" and "In re Johnson, 276 B.R. 367 (Bankr. E.D. Va. 2002)." The bankruptcy court correctly described the case that is found by inserting the Debtors' citation "377 B.R. 308" into a legal research database as a "New Mexico case" with issues that are completely unrelated to this appeal. Similarly, the bankruptcy court correctly described the case found when the second citation, "276 B.R. 367," is entered into a legal research database as a "Delaware opinion." The New Mexico and Delaware cases address issues that are not relevant to this appeal. The cases, as cited and described by the Debtors, do not exist.[4] Citing cases incorrectly or citing to

_____

[4]The Debtors continue to cite to cases that do not exist in their Appellate Brief, citing to "In re Steward, 475 B.R. 518 (Bankr. E.D. Mo. 2012)." In searching for this cited case in a legal research database, the case of *Swanson v. Applied Process Technology International, LLC (In re Delta-T Corp.)*, 475 B.R. 495 (Bankr. E.D. Va. 2012), was retrieved. The *Swanson* case begins on page 495 of volume 475 of the Bankruptcy Reporter and ends on page 535. The case concerns a Uniform Commercial Code issue, not the imposition of sanctions for discovery violations as argued by the Debtors in their brief. The citation for *In re Cherrett*, 873 F.3d 1060 (9th Cir. 2017), did retrieve the *In re Cherrett* case; however, the case involves the issue of whether the purchase of a second residence was a business debt or a consumer debt and does not involve sanctions against an attorney as stated by the Debtors in their brief.

nonexistent cases is the type of harm rules governing the unauthorized practice of law are designed to prevent.

## CONCLUSION

For the reasons stated above, we find the bankruptcy court did not err in denying the Debtors' Motion to the extent that James Young was seeking to represent Tahnee Young or advocate on her behalf in a bankruptcy proceeding that relates solely to her debt and involves alleged violations of the automatic stay that relate solely to efforts to collect a debt from Tahnee Young.[5] Nor did the bankruptcy court abuse its discretion in setting parameters for James Young's participation. We affirm.

———————————————

[5]As noted above, in the Motion for Sanctions the Debtors appear to seek joint damages. Discovery and other procedural deadlines were stayed during the pendency of the appeal. The question of the extent James Young may participate during the hearing in seeking his own damages or as a witness is not before us and nothing in this Order is intended to address this question.