**CHIEF WAR EAGLE FAMILY ASSOCIATION & TREATY OF 1837 & 1917 REINSTATEMENT, Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 07–213L.**

United States Court of Federal Claims.

July 18, 2007.

Douglas War Eagle, Pro se, Dupree, South Dakota.

Sara E. Culley, Trial Attorney, Ronald J. Tenpas, Acting Assistant Attorney General, United States Department of Justice, for Defendant, with whom were Janet Goodwin and James Porter, United States Department of the Interior, of counsel.

## *OPINION AND ORDER*

SMITH, Senior Judge:

On March 30, 2007, Douglas War Eagle, *pro se* plaintiff, filed a Complaint[1] with five claims for relief on behalf of Plaintiffs "Chief War Eagle Family Association & Treaty of 1837 & 1917 Reinstatement." *Pls.' Compl.* 1–2. Attached to the one page complaint was a thirteen page letter addressed to "Your Honor" that was largely indiscernible and over 125 pages of other documents that were disorganized and immaterial. The documents included numerous pages of a family tree, pictures of his great grandfather Chief War Eagle and other family members, and copies of forms and instruction sheets for filing documents in the United State Court of Federal Claims that appear to be printed off the internet.

RCFC 83.1(c)(8) provides that a *pro se* a plaintiff may represent themself and their immediate family members only. Black's Law Dictionary defines "immediate family members" as a person's parents, spouse, children, and siblings. *Black's Law Dictionary* 638 (8th ed.2004). RCFC 83.1(c)(8) furthers provides that any other party must be represented by an attorney admitted to practice in this court. It is well settled that "a non-attorney[ ] cannot pursue the claims of others or represent others before this court." *Fuselier v. United States,* 63 Fed.Cl. 8, 11 (2004). There is no rule that "permits plain-

---

1. Although Plaintiffs' titled their initial filing "INJUNCTION," the Court construes it as a Complaint, pursuant to United States Court of Federal Claims Rule (RCFC) 3.

tiff to engage in the unauthorized practice of law." *Id.*

Mr. War Eagle, who signed the Complaint on behalf of all named Plaintiffs, is not a member of this Court's legal bar as required under RCFC 83.1(c)(8). In the Complaint, Mr. War Eagle states that he represents the "Chief War Eagle Family Association." As for evidence of the composition of the Family Association, Mr. War Eagle provides a letter, written by him, dated June 3, 2006. In the letter, he states that he is speaking for his grandmother Amy Talks–Clown and his great grandfather Chief War Eagle. However, neither Ms. Talks–Clown nor Chief War Eagle are members of Mr. War Eagle's "immediate family" as they are both grandparents to Mr. War Eagle. Therefore, Mr. War Eagle is not able to represent them because they are not members of his immediate family, as required. Instead, these claims must be brought by an attorney admitted to practice before this Court, pursuant to RCFC 83.1(c)(8). Additionally, since both grandparents are long deceased, there is no evidence that Mr. War Eagle is representing the estate of his grandmother or great-grandfather which would allow him to proceed *pro se* on their behalf.

Therefore, because the "Chief War Eagle Family Association" is not a permissible plaintiff for *pro se* representation, Plaintiffs must be represented by counsel. Plaintiffs are hereby given 60 days from the date of this Opinion and Order to retain counsel. In the event Plaintiffs do not retain counsel, Plaintiffs' Complaint shall be dismissed without prejudice pursuant to RCFC 83.1(c)(8).[2]

**IT IS SO ORDERED.**

---

2. In response to Plaintiffs' Complaint, Defendant filed a Combined Motion to Strike Certain Plaintiffs and Dismiss Plaintiffs' Complaint. In light of this Opinion, Defendant's Combined Motion is **DENIED AS MOOT.**