Filed 10/18/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 202

Duane C. Sall, Plaintiff and Appellee

v.

Caryn J. Sall, n/k/a Caryn J. Weber, Defendant and Appellant

No. 20100360

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Douglas R. Herman, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Kapsner, Justice.

Robert John Schultz (on brief), P.O. Box 2686, Fargo, N.D. 58108-2686, for plaintiff and appellee.

Caryn J. Weber, self-represented, 15484 38th Street SE, Durbin, N.D. 58059-

9638.

Sall v. Sall

No. 20100360

Kapsner, Justice.

[¶1] Caryn Weber appeals from two district court orders and a fourth amended divorce judgment.  We affirm in part, reverse in part, and remand for further proceedings, concluding the district court did not abuse its discretion in refusing to hold Duane Sall in contempt of court for failing to pay Weber’s dental and vision insurance premiums, but the district court erred in holding that Weber’s claims for reimbursement of the children’s extracurricular and medical expenses more than two years old were stale as a matter of law.

I

[¶2] When Weber and Sall divorced in 2003, Weber received custody of the parties’ two minor children.  The divorce judgment ordered Sall to pay all costs related to the children’s extracurricular activities, including sports equipment, musical instruments, summer camps, or any other extraordinary expenses.  Sall was also ordered to maintain medical and hospitalization insurance for the children, and Weber and Sall were to each pay one-half of the children’s medical, dental, and optical expenses which were not paid by insurance. Sall was also ordered to maintain and pay for medical insurance for Weber for a period of 36 months.  Because Weber had no income, Sall was allowed to claim the income tax exemptions for the children.  After the divorce judgment was entered, Sall paid for medical insurance but not for dental and vision insurance for Weber.  Disputes also arose over Sall’s payment of extracurricular and medical expenses for the children.

[¶3] In July 2010, Weber moved to hold Sall in contempt of court for his failure to pay her dental and vision insurance premiums from 2003 through 2006.  The matter was referred to a judicial referee for a hearing.  The referee issued an order denying the motion, and Weber requested review by the district court.  The district court found the original divorce judgment was silent regarding dental and vision insurance and it was not unreasonable for Sall to believe he was under no obligation to provide dental and vision insurance for Weber.  The court found Sall was not in contempt of court, concluding Weber had not shown Sall had willfully intended to disobey the divorce judgment.

[¶4] In September 2010,Weber filed a motion seeking to hold Sall in contempt of court for failing to pay various extracurricular and medical expenses of the children dating back to 2004.  In October 2010, Weber filed another motion, seeking to compel Sall to provide copies of documents regarding the children’s Uniform Transfers to Minors Act accounts and requesting that she be granted the income tax exemptions for the children on a temporary basis because she had incurred tax liability by converting retirement accounts.  Sall filed a response to the two pending motions and also moved to amend the provisions of the divorce judgment ordering him to pay for extracurricular and medical expenses of the children.

[¶5] While these motions were pending, Weber appealed from the district court’s order denying her July 2010 motion to hold Sall in contempt.  We temporarily remanded the case to the district court to resolve the pending motions.  The district court held two hearings on the pending motions, culminating in a January 11, 2011, order.  The district court denied Weber’s motion to compel delivery of documents and to receive the tax exemptions.  On Weber’s motion to hold Sall in contempt for failure to pay extracurricular and medical expenses of the children, the court first determined that all of Weber’s claims for expenses more than two years old were stale as a matter of law and would be denied.  The court refused to hold Sall in contempt, but found that Weber was entitled to reimbursement for $1,020.86 in expenses incurred within the two-year period preceding her motion.  Finally, the district court granted Sall’s motion to amend the divorce judgment.  The provision requiring Sall to pay all extracurricular expenses of the children was amended to require Sall to pay $60 each month toward the children’s extracurricular activities, with Weber required to pay any additional amount.  The court also amended the provisions regarding unreimbursed medical expenses of the children, clarifying the parties’ obligations to provide copies of bills and insurance benefit notifications to each other.  Weber has appealed from the two district court orders and the fourth amended judgment.

II

[¶6] Weber contends the district court erred in refusing to hold Sall in contempt of court for failing to pay for 36 months of dental and vision insurance premiums for her.

[¶7] We recently outlined the relevant standards applicable when a party seeks sanctions for contempt:

A party seeking a contempt sanction under N.D.C.C. ch. 27-10 must clearly and satisfactorily prove the alleged contempt was committed.  
Berg v. Berg
, 2000 ND 37, ¶ 10, 606 N.W.2d 903; 
Flattum-Riemers v. Flattum-Riemers
, 1999 ND 146, ¶ 5, 598 N.W.2d 499.  “Under N.D.C.C. § 27-10-01.1(1)(c), ‘[c]ontempt of court’ includes ‘[i]ntentional disobedience, resistance, or obstruction of the authority, process, or order of a court or other officer.’”  
Harger v. Harger
, 2002 ND 76, ¶ 14, 644 N.W.2d 182.  “To warrant a remedial sanction for contempt, there must be a willful and inexcusable intent to violate a court order.”  
Harger
, at ¶ 14; 
see also
 
Berg
, at ¶ 10; N.D.C.C. § 27-10-01.1(4). . . .  Determining whether a contempt has been committed lies within the district court’s sound discretion, which will not be overturned on appeal absent an abuse of that discretion.  
Millang v. Hahn
, 1998 ND 152, ¶ 7, 582 N.W.2d 665.  “[A] court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner or when it misinterprets or misapplies the law.”  
Id.

Prchal v. Prchal
, 2011 ND 62, ¶ 5, 795 N.W.2d 693.  We have explained that the district court “‘has broad discretion in deciding whether to hold a person in contempt,’” 
Woodward v. Woodward
, 2009 ND 214, ¶ 6, 776 N.W.2d 567 (quoting 
Graner v. Graner
, 2007 ND 139, ¶ 32, 738 N.W.2d 9), and this Court’s review of the district court’s determination on contempt “is very limited,” 
Glasser v. Glasser
, 2006 ND 238, ¶ 12, 724 N.W.2d 144.

[¶8] The divorce judgment required Sall to pay all costs associated with maintaining “medical insurance” for Weber for 36 months after the divorce, but did not specifically mention dental or vision insurance.  The district court explained its conclusion that Sall was not in contempt:

[Weber] argues [Sall] was in contempt when he failed to pay her dental and vision insurance for a consecutive thirty-six months following the parties’ divorce in 2003. [Weber] has failed to “clearly and satisfactorily” establish that [Sall] is in contempt of court. [Weber] does not provide any evidence that establishes that [Sall] had a willful and inexcusable intent to disobey the divorce decree.  The divorce decree is silent in regard to dental and vision insurance.  It was not unreasonable for [Sall] to believe that he was under no obligation to provide dental and vision insurance.  With that, [Sall] was not in contempt of court when he failed to do so.

[¶9] Under the circumstances presented in this case, we conclude the district court did not abuse its discretion in determining Sall’s failure to pay dental and vision insurance premiums for Weber did not constitute contempt of court.

III

[¶10] Weber contends the district court erred in denying reimbursement for the children’s extracurricular and medical expenses that were more than two years old.

[¶11] In her September 2010 motion, Weber sought reimbursement for various extracurricular and medical expenses of the children totaling $3,362.08.  These expenses were incurred between 2004 and 2010.  The district court determined that all claims incurred more than two years prior to the date of Weber’s motion would be deemed “stale as a matter of law” and denied.  The court reviewed the claims which were incurred within the prior two-year period and ordered Sall to reimburse Weber for $1,020.86 of the children’s expenses.

[¶12] In deciding to summarily deny all claims more than two years old, the court did not cite to any applicable statute of limitations or other legal theory justifying denial of purportedly “stale” claims.  Rather, the court at the hearing acknowledged that it had arbitrarily picked two years as the cut-off date:

I can be arbitrary.  I just can’t be arbitrary and capricious at the same time.  I would like to go back—I mean, I have to put some kind of time limit on this.  And not two years from today, but two years from the date she filed her motion.

When Weber stated that she did not understand the reason for the deadline, the court responded:

Because they are like stale claims.  It’s like a statute of limitations.  I have to put it——I have to put the burden, unfortunately, on you to bring these things to the Court in a more timely fashion.

The court ultimately concluded:

And I think I can go—the farthest I can go back is two years before the date of your Motion.  Anything older than that, I’m deeming them stale as a matter of law.

[¶13] A “stale claim” is defined as “[a] claim that is barred by the statute of limitations or the defense of laches.”  
Black’s Law Dictionary
 282 (9th ed. 2009).  Although the district court noted that this was “like a statute of limitations,” neither the court nor Sall cite any applicable statute of limitations which would bar the disputed claims in this case.  Furthermore, under N.D.C.C. § 14-08.1-05(1) and (2), any “due and unpaid payments” under “[a]ny order directing any payment or installment of money for the support of a child” “are not subject to the statutes of limitation provided in chapter 28-01.”  This Court has indicated that, “[i]f the support obligation requires the obligor to make cash payments for the benefit of the child, then it is ‘direct’ support,” which is subject to the provisions of N.D.C.C. § 14-08.1-

05.  
Johnson v. Johnson
, 527 N.W.2d 663, 667-68 (N.D. 1995).  The provisions of the divorce judgment in this case requiring Sall to pay all of the children’s extracurricular expenses and one-half of their medical expenses not covered by insurance constitute “cash payments for the benefit of the child,” and therefore are not subject to a statute of limitations under N.D.C.C. § 14-08.1-05.

[¶14] A “stale claim” may also be barred by the equitable defense of laches. Neither the district court nor Sall has relied upon laches to support the court’s denial of all claims more than two years old.  Furthermore, “laches does not arise from a delay or lapse of time alone, but is a delay in enforcing one’s rights which works a disadvantage to another.”  
Schmidt v. Schmidt
, 540 N.W.2d 605, 608 (N.D. 1995); 
see also
 
Swanson v. Swanson
, 2011 ND 74, ¶ 24, 796 N.W.2d 614; 
VND, LLC v. Leevers Foods, Inc.
, 2003 ND 198, ¶ 45, 672 N.W.2d 445.  The party invoking laches has the burden of proving he was prejudiced because his position has become so changed during the delay that he cannot be restored to the status quo.  
Schmidt
, at 608.  Sall has not argued that he was prejudiced by a change in his position during the delay in this case.

[¶15] In addressing this issue on appeal, Sall argued only that “the trial court has great discretion regarding credibility issues.”  However, there is no indication that the district court denied these claims based upon a factual credibility determination.  Rather, without considering the factual circumstances of individual claims, the court concluded that all claims more than two years old were “stale as a matter of law.”  The district court made no credibility determinations on the disputed claims.

[¶16] We conclude the district court erred in holding that all of the claims for the children’s extracurricular and medical expenses incurred more than two years before the date of Weber’s motion were stale as a matter of law.  We reverse that portion of the January 11, 2011, order which denies Weber’s claims for reimbursement for the children’s extracurricular and medical expenses incurred more than two years before Weber’s September 2010 motion, and we remand for reconsideration of those claims by the district court.  When reconsidering the disputed claims, the district court may consider the reasonableness of individual claims and may assess the credibility of witnesses and evidence supporting individual claims.

IV

[¶17] We have considered the remaining issues and arguments raised by the parties and find them to be either unnecessary to our decision or without merit.  That portion of the January 11, 2011, order denying claims for extracurricular and medical expenses more than two years old is reversed and remanded for the district court to reconsider those claims.  In all other respects the orders and judgment appealed from are affirmed.

[¶18] Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

Gerald W. VandeWalle, C.J.

I concur in the result.

Dale V. Sandstrom