2013 ND 108

**Duane C. SALL, Plaintiff and Appellee**

v.

**Caryn J. SALL, n/k/a Caryn J. Weber, Defendant and Appellant.**

No. 20120448.

Supreme Court of North Dakota.

June 19, 2013.

Rehearing Denied July 18, 2013.

Robert J. Schultz, Fargo, N.D., for plaintiff and appellee; submitted on brief.

Caryn J. Weber, self-represented, Durbin, N.D., defendant and appellant.

SANDSTROM, Justice.

[¶ 1]   Caryn Weber appeals from a district court order denying her motion for relief from a fourth amended divorce judgment and a district court order on remand from her 2011 appeal to this Court. Concluding our judgment on remand has been complied with and the district court correctly denied attempts to redetermine previously resolved issues, we affirm.

I

[¶ 2]   Weber and Duane Sall, who divorced in 2003, have two children. In September 2010, Weber moved to hold Sall in contempt for failure to pay their children's extracurricular and medical expenses. The district court denied Weber's motion, refusing to find Sall in contempt, and entered a fourth amended judgment in January 2011 modifying Sall's support obligations. Weber appealed that order and amended judgment to this Court. In *Sall v. Sall*, 2011 ND 202, ¶ 6, 804 N.W.2d 378, Weber argued the district court erred in refusing to hold Sall in contempt. She argued the district court erred in entering the fourth amended judgment and finding her claim for unpaid extracurricular and medical expenses was stale. Weber also raised many other arguments. We affirmed the district court order refusing to hold Duane Sall in contempt. We reversed that portion of the order denying "Weber's claims for reimbursement for the children's extracurricular and medical expenses incurred more than two years before [her] September 2010 motion, and we remand[ed] for reconsideration of those claims by the district court." *Id.* at ¶ 16. "In all other respects the orders and judgment appealed from [were] affirmed." *Id.* at ¶ 17.

[¶ 3]   On October 31, 2011, Weber filed a petition for rehearing with this Court, which we denied on November 15, 2011. On February 9, 2012, Weber petitioned the United States Supreme Court for a writ of certiorari to reverse our decision. On April 16, 2012, the United States Supreme Court denied her petition. On May 10, 2012, Weber filed a petition for rehearing with the United States Supreme Court. On June 11, 2012, the United States Supreme Court denied her petition for rehearing.

[¶ 4]   In March 2012, the district court had held a status conference looking to resolve the issue on remand but was advised of Weber's petition to the United States Supreme Court and the need to wait for its determination.

[¶ 5]   In September 2012, before any party had advised the district court of the United States Supreme Court action, Weber moved for relief from the fourth amended judgment under Rule 60, N.D.R.Civ.P., seeking modification of Sall's support obligations. She argued our opinion in *Sall*

supported her request and the court should find Sall in contempt for failure to pay. At the hearing on the September 2012 motion, Weber argued it was completely separate from the remand from this Court. The district court denied her September 2012 motion, concluding the issues she raised were previously considered by this Court in *Sall* and her claim was barred by res judicata. The court also concluded her motion was frivolous and untimely. Sall was awarded $500 in attorney's fees.

[¶ 6] In November 2012, a hearing was held to resolve the issue on remand from this Court—Weber's claims for reimbursement for the children's extracurricular and medical expenses incurred more than two years before September 2010. The district court asked Weber to identify all amounts she claimed she was due. After Weber had done so, Sall agreed to pay the full amount identified by Weber. Weber refused to agree because she insisted Sall must agree to be held in contempt of court, objecting, "He is not stipulating to a contempt charge." The court explained the contempt issue had been resolved and was not before the court. The court said, "He is offering to pay more than what you are asking for. Do you realize that?" The court explained that Sall agreed to pay items already excluded by the prior judge for reasons other than the issue on remand. Weber continued to insist that Sall must be held in contempt. The district court held the narrow issue on remand resolved when Sall paid Weber the $2,341.22 in open court. The court denied Weber's request for further hearing on whether Sall was in contempt.

[¶ 7] Weber argues the district court erred in barring her entire September 2012 motion by res judicata, ruling her motion untimely and frivolous and imposing a sanction, and upholding the entrance of the fourth amended judgment. She also argues the district court, in its order denying her request for further hearing on holding Sall in contempt, erred in exempting Sall from application of N.D.C.C. § 14-08.1-05, denying her interest due on unpaid child support, and not finding Sall in contempt.

[¶ 8] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27-05-06. Weber's appeal is timely under N.D.R.App.P. 4(a). We have jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28-27-01.

## II

[¶ 9] Weber argues the district court erred in denying her September 2012 motion for relief from a fourth amended divorce judgment by not amending Sall's support obligation and by not finding Sall in contempt for unpaid child support obligations. Our review of appeals from decisions denying a motion for relief from judgment is well-established:

> A trial court's decision to deny relief under N.D.R.Civ.P.60(b) will not be overturned on appeal absent an abuse of discretion. We do not determine whether the court was substantively correct in entering the judgment from which relief is sought, but determine only whether the court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not established. An abuse of discretion occurs only when the trial court acts in an arbitrary, unconscionable, or unreasonable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination.

*Manning v. Manning*, 2006 ND 67, ¶ 15, 711 N.W.2d 149 (quoting *Gonzalez v. Tounjian*, 2004 ND 156, ¶ 9, 684 N.W.2d 653).

## A

[¶ 10] Weber first argues the district court erred in concluding her September 2012 motion was barred by res judicata. We have said,

> Res judicata, or claim preclusion, prohibits the relitigation of claims or issues that were raised or could have been raised in a prior action between the same parties or their privies, and which were resolved by final judgment in a court of competent jurisdiction. Under res judicata principles, it is inappropriate to rehash issues which were tried or could have been tried by the court in prior proceedings.

*Matter of J.G.*, 2013 ND 26, ¶ 10, 827 N.W.2d 341 (quoting *Laib v. Laib*, 2010 ND 62, ¶ 10, 780 N.W.2d 660).

[¶ 11] In her motion for relief from judgment, Weber argued the district court should vacate the fourth amended judgment and reinstate the third amended judgment, apply this Court's findings to unpaid child support, and hold Sall in contempt for nonpayment and order him to pay her for medical expenses. She argued our "finding" in *Sall v. Sall*, 2011 ND 202, 804 N.W.2d 378, that Sall's obligations are considered "direct support" was new information not known by the court and thus the support modifications in the fourth amended judgment were void. She argued that same "finding" must be applied to the district court's ruling and her motion for contempt must be granted.

[¶ 12] Weber appealed the fourth amended judgment to this Court in *Sall*, 2011 ND 202, 804 N.W.2d 378. In *Sall*, she argued the district court erred in refusing to hold Sall in contempt. *Id.* at ¶ 6. She also argued the district court erred in entering the fourth amended judgment and finding her claim for unpaid extracurricular and medical expenses was stale.

Weber raised thirteen additional arguments.

■ [¶ 13] We held,

> We have considered the remaining issues and arguments raised by the parties and find them to be either unnecessary to our decision or without merit. That portion of the January 11, 2011, order denying claims for extracurricular and medical expenses more than two years old is reversed and remanded for the district court to reconsider those claims. *In all other respects the orders and judgment appealed from are affirmed.*

*Sall*, 2011 ND 202, ¶ 17, 804 N.W.2d 378 (emphasis added). We had remanded to the district court only the narrow issue of unpaid children's expenses and quashed Weber's remaining arguments by affirming the judgment. Because Weber's arguments have been heard in prior proceedings, they are barred by res judicata, and we conclude the district court did not err in so concluding.

## B

■ [¶ 14] Weber next argues the district court erred in finding her September 2012 motion untimely and frivolous and imposing a $500 sanction. Rule 60(c)(1), N.D.R.Civ.P., provides:

> A motion under Rule 60(b) must be made within a reasonable time, ... no more than a year after notice of entry of the judgment or order in the action or proceeding if the opposing party appeared, but not more than one year after a default judgment has been entered.

The fourth amended judgment was entered January 26, 2011. Weber sought relief from the fourth amended judgment on September 14, 2012, after well over a year. The district court found:

Even if the matter were not res judicata, Ms. Weber's motion is not timely. A motion under Rule 60(b) must be made within a reasonable period of time. Ms. Weber waited more than one year after Judge Herman's order and nearly 10 months after the Supreme Court remanded to bring this motion. Ms. Weber argued at the hearing that her circumstance of acting pro se should excuse the timing of her motion. Her argument is without merit. A person acting as her own attorney is equally bound by the applicable rules of procedure, even if she lacks understanding of the rules. *State v. Fischer*, 2007 ND 22, ¶ 24, 727 N.W.2d 750. Ms. Weber's pro se status does not relieve her of strict compliance with the rules. *Id.* Ms. Weber's delay in bringing this motion is not reasonable.

[¶ 15] Additionally, Weber raises substantially the same arguments she raised in *Sall v. Sall*, 2011 ND 202, 804 N.W.2d 378. Specifically, she argues that because we affirmed the portion of the fourth amended judgment ordering Sall to reimburse her $1,020.86 in unpaid expenses, he should be held in contempt under N.D.C.C. § 14–08.1–05. *See Sall*, at ¶ 11. Her argument, however, fails. In the same opinion, we affirmed the portion of the district court judgment finding Sall *not* in contempt; thus res judicata precludes her from raising the issue.

[¶ 16] "Under N.D.C.C. § 28–26–01(2), a court may, in its discretion, upon finding a claim for relief is frivolous, award reasonable attorney's fees to the prevailing party. A claim is frivolous when there is such a complete absence of actual facts or law that a reasonable person could not have expected the court to render a judgment in that party's favor." *Dixon v. McKenzie County Grazing Ass'n*, 2004 ND 40, ¶ 29, 675 N.W.2d 414. The district court stated, "There is a complete absence of facts or law that would support Ms. Weber's motion. This Court finds that Ms. Weber's motion is frivolous and was filed to harass Mr. Sall and to cause him to incur additional attorney's fees."

[¶ 17] We conclude the district court did not abuse its discretion in finding Weber's motion frivolous and untimely.

C

[¶ 18] Weber argues the district court erred in not holding Sall in contempt and not awarding her interest due on Sall's unpaid support obligations.

[¶ 19] At the November proceeding on remand, the court calculated Sall's outstanding support obligation using Weber's November 2010 request for the children's extracurricular and medical expenses of $3,362.08 minus the $1,020.86 Sall had already paid from a previous order. Sall paid Weber $2,341.22 in open court. The court acknowledged the amount paid was more than Weber was asking for according to her own exhibit. Weber vehemently objected, requesting only that the court consider the issue of Sall's contempt. The court overruled her objection and instructed Weber that it was following this Court's instruction on remand. The court's subsequent order denied her request for a further hearing to consider whether Sall was in contempt. Weber did not separately request interest at the hearing. She identified the total sum she claimed she was due. Sall agreed to pay and did pay at the hearing an amount significantly exceeding the amount due, including statutory interest, when considering what the prior judge had excluded for reasons other than the issue on remand.

[¶ 20] We conclude Sall's payment by the district court's order on remand from this Court satisfies the judgment, includ-

ing interest, and the court properly did not hold Sall in contempt.

### III

[¶ 21] We have considered Weber's remaining issues and arguments and find them unnecessary to our decision or without merit. We affirm the district court orders.

[¶ 22] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.