2016 ND 83

**Kayla RATH, Plaintiff**

v,

**Mark RATH, Defendant and Appellant.**

**No. 20160006.**

Supreme Court of North Dakota.

April 18, 2016.

Mark Rath (on brief), self-represented, Bismarck, ND, defendant and appellant.

Kayla Rath, plaintiff; no appearance.

KAPSNER, Justice.

[¶ 1] Mark Rath appeals from a district court order denying his motion for an order to show cause. Mark Rath asserted Kayla Rath, his former wife, should be held in contempt for violating the terms of their divorce judgment. The district court denied his motion. We affirm.

I

[¶ 2] Mark Rath and Kayla Rath were divorced in January 2013. Kayla Rath was awarded primary residential responsibility of the couple's children, and Mark Rath was awarded supervised parenting time. This Court decided a number of appeals stemming from their divorce. *See Rath v. Rath*, 2016 ND 46, 876 N.W.2d 474 (affirming orders denying motion for order to show cause, motion to modify judgment, and motion for recusal); *Rath v. Rath*, 2015 ND 22, 861 N.W.2d 172 (summarily affirming district court's denial of Mark Rath's motion to vacate the judgment and grant relief); *Rath v. Rath*, 2014 ND 171, 852 N.W.2d 377 (affirming order denying motion to hold Kayla Rath in contempt; reversing district court's amendment to judgment on due process and notice grounds); *Rath v. Rath*, 2013 ND 243, 840 N.W.2d 656 (affirming order denying motion to hold Kayla Rath in contempt and denial of request for district court judge to recuse himself).

[¶ 3] The divorce judgment allows Mark Rath to call the children each Monday and every other Friday and Sunday between 7:00 p.m. and 8:00 p.m. Mark Rath asserts Kayla Rath has failed to abide by these terms, and he filed a motion for the district court to order Kayla Rath to show cause why she should not be held in contempt. Mark Rath supplemented his motion with an affidavit detailing Kayla Rath's allegedly contemptuous acts. In the affidavit, Mark Rath described two

specific occasions—one in November 2015 and one in December 2015—on which he asserts Kayla Rath attempted to reschedule his phone conversations with the children. The affidavit of Mark Rath states that two weeks before the scheduled visit in December, Kayla Rath attempted to reschedule the time for the visit. The district court denied Mark Rath's motion before Kayla Rath filed a reply. The court found that Mark Rath's allegations, accepted as true for purposes of the motion, did not warrant a contempt finding. Mark Rath appealed.

II

[¶ 4] On appeal, Mark Rath argues the district court abused its discretion when it found contempt proceedings were unwarranted, and the court erred when it denied his motion before Kayla Rath filed a reply. The district court has broad discretion in making contempt determinations. *Sall v. Sall*, 2011 ND 202, ¶ 7, 804 N.W.2d 378. This Court will only disturb a district court's contempt determination if the court abused its discretion. *Bjorgen v. Kinsey*, 491 N.W.2d 389, 395 (N.D.1992).

A

[¶ 5] The district court did not abuse its discretion when it determined Kayla Rath was not in contempt. The district court may impose a sanction for contempt of court under N.D.C.C. § 27–10–01.2. "[W]hen an act punishable as contempt is not committed in the immediate view and presence of the court, the court, upon being satisfied of the commission of the offense, may . . . [o]rder the accused to show cause at a specified time and place why the accused should not be punished . . . ." N.D.C.C. § 27–10–07.

A party seeking a contempt sanction under N.D.C.C. ch. 27–10 must clearly

and satisfactorily prove the alleged contempt was committed. Under N.D.C.C. § 27–10–01.1(1)(c), contempt of court includes intentional disobedience, resistance, or obstruction of the authority, process, or order of a court or other officer. To warrant a remedial sanction for contempt, there must be a willful and inexcusable intent to violate a court order.

*Rath*, 2014 ND 171, ¶ 6, 852 N.W.2d 377 (citations omitted) (quoting *Sall v. Sall*, 2011 ND 202, ¶ 7, 804 N.W.2d 378). Technical violations of a court order do not necessitate a contempt finding. *Rath*, 2013 ND 243, ¶ 11, 840 N.W.2d 656.

This is especially true in domestic relations cases, because granting contempt motions for every single possible technical violation of court orders would do nothing to further the best interests of children, but would simply increase the animosity between the parties and discourage them from cooperating to resolve disputes by themselves. The contempt statutes are not intended to attempt to regulate and adjudicate every loss of temper, angry word, or quarrel between persons connected by a familial relationship.

*Id.* (citations omitted).

[¶ 6] In this case, Mark Rath argues Kayla Rath's request to reschedule the phone conversations amounts to contempt because she deliberately chose not to adhere to the judgment. The district court found Kayla Rath's efforts to reschedule the phone calls did not amount to contempt and an order to show cause was unnecessary. Regarding the December call Kayla Rath attempted to reschedule, the court found:

The Court concludes that there is no legal or factual basis for the issuance of an Order to Show Cause with respect to the December 28, 2015, telephone call.

The Judgment clearly envisions cooperation and communication between the two parties. Agreeing to adjustment of the timing of telephone calls· is clearly part of the promotion of "a healthy, beneficial relationship between the child and the other parent."

(quoting the divorce judgment). Regarding the November call, which Mark Rath agreed to reschedule, the court found:

Mark also complains that the December "failure" to comply with the Judgment was essentially a repeat of a similar "failure" in November, 2015 where he was "forced ... into accepting a makeup call on Wednesday, November 25, 2015 (instead of November 16, 2015), after she had already violated the Judgment." In other words, he agreed to accommodate a scheduling conflict. There could be no violation there of the terms of the Judgment. The conduct was what reasonable people do for the benefit of their children.

(parenthesis in original). Even if the rescheduling did constitute a "failure" to follow the judgment, we have held technical violations of a court order do not necessarily require a finding of contempt. *See Rath*, 2013 ND 243, ¶ 11, 840 N.W.2d 656. The district court did not abuse its discretion.

B

[¶ 7] Mark Rath also argues the district court erred when it denied his motion before Kayla Rath filed a reply. Under N.D.R.Civ.P. 12(b), the district court may dismiss an action on its own initiative for failure to state a claim. *Zink v. Enzminger Steel, LLC*, 2011 ND 122, ¶ 12, 798 N.W.2d 863; *Isaac v. State Farm Mut. Auto. Ins. Co.*, 547 N.W.2d 548, 550 (N.D.1996). "The power of the court to dismiss a claim on its own motion under Rule 12(b) derives from the court's inher-

ent authority to dismiss a meritless claim." *Berlin v. State*, 2005 ND 110, ¶ 7, 698 N.W.2d 266. Trial courts must only exercise this dismissal power "sparingly and with great care to protect the rights of the parties." *Zink*, at ¶ 12.

[¶ 8] In this case, we treat the district court's dismissal of Mark Rath's motion to initiate contempt proceedings in the same manner as a N.D.R.Civ.P. 12(b) dismissal. The district court found that treating Mark Rath's allegations as true, they would not warrant a finding of contempt. In other words, even if Kayla Rath had filed a reply and admitted all of Mark Rath's allegations, Mark Rath still could not have prevailed. The district court has inherent authority to control its docket to ensure the orderly and expeditious administration of justice. *Federal Land Bank v. Ziebarth*, 520 N.W.2d 51, 58 (N.D.1994). We conclude the court did not err when it denied Mark Rath's meritless motion before Kayla Rath filed a reply.

### III

[¶ 9] We have considered Mark Rath's other arguments and conclude they are without merit. We affirm the district court's order denying Mark Rath's motion for an order to show cause.

[¶ 10] GERALD W. VANDE WALLE, C.J., STEVEN L. MARQUART, D.J., LISA FAIR McEVERS and DANIEL J. CROTHERS, JJ., concur.

[¶ 11] The Honorable STEVEN L. MARQUART, D.J., sitting in place of SANDSTROM, J., disqualified.